WASHINGTON LIBBY, and another,

*vs.*

CHARLES S. DEAKE, and another, Admrs.

Cumberland.    Opinion March 21, 1903.

*Contracts.   Assent.   Exceptions.   Waiver.   Practice.*

In an action of assumpsit to recover for work and material furnished to the defendants, the dispute related to an item of spruce stringers and planking not in the memoranda of the contract, but for which the plaintiffs claimed to recover as extra material furnished at the request of the defendants.

At the trial the plaintiffs introduced a memorandum which was relied upon by both parties as embodying the final contract, but not signed by the parties. The defendants, while claiming that the plaintiffs were bound to furnish all necessary material for the sum specified in the memorandum of the contract, relied upon the words of the memorandum as conveying that meaning.

The presiding justice, calling the attention of both parties to his statement of their position, instructed the jury as follows: "Both of the parties agree, as I understand it, that the contract that was made between them on that day was embodied in that memorandum."    *Held;* that the assumption by the presiding justice as to the memorandum was tacitly acquiesced in by the defendants when stated in the presence of a jury, and any objection thereto was thereby waived.

It being once determined that the memorandum contained the terms of the contract, *held;* that it was the duty of the presiding justice to explain to the jury its legal effect; and the following instructions are accordingly correct:

1.   The plaintiffs were bound to furnish only the amount of lumber specifically mentioned in the memorandum.

2.   The defendants were liable to pay a reasonable compensation for any additional lumber furnished with their consent.

Where the defendants except to the entire charge of the presiding justice, the law court will consider only those exceptions which are specific.

On motion and exceptions by defendants.    Overruled.

This was an action of assumpsit on account annexed to recover for work and material in repairing Deake's wharf in the City of Port-

land. The verdict was for the plaintiffs, and the case comes before the law court on exceptions and motion for a new trial.

The dispute related to an item of $196.64 for 12,895 feet of spruce stringers and planking not in the memoranda of the contract, but for which the plaintiffs claimed to recover as extra material furnished at the request of the defendants.

*M. P. Frank and P. J. Larrabee,* for plaintiffs.

*W. H. Looney,* for defendants.

SITTING: WISWELL, C. J., STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J. This was an action of assumpsit on an account annexed to recover the balance of $476.89 and interest, for work and material furnished in repairing Deake's wharf in the city of Portland. The verdict was for the plaintiffs, and the case comes before the court on exceptions to the charge of the presiding judge, and on motion for a new trial.

The dispute relates to an item of $196.64 for 12,895 feet of spruce stringers and planking furnished by the plaintiff not comprised in the written memoranda of the contract, but for which the plaintiffs claim to recover a reasonable price as extra material furnished with the consent of the defendants. This leads to the inquiry as to what were the terms of the contract, and if in writing what construction is to be given to the written memorandum.

The following memorandum in the handwriting of one of the defendants, but unsigned, was relied upon at the hearing by both parties as embodying the final contract for repairing the wharf:

"Portland, Me., August 27, 1900.

Mess. Washington Libby and Son agree to furnish the following new material for repairs to Deake's wharf, Portland, Maine, and do all the work required to put it into place on said wharf, and do such labor in taking out and replacing the old material as is found necessary to do during the progress of the work until both old and new work is finished in a complete and satisfactory manner that will pass the inspection of a competent judge of such work. . . . .

"The new material to be as follows:" Then follows an itemized statement of the material to be furnished, including the following item:—

"3,609 feet 'B. M.' spruce lumber for the stringers that are necessary from the outside cap sill to that portion of the stone wall covered by the lumber shed on both the east and west sides; and where found to be required on the other parts of the pile end of the wharf.

"2,500 feet 'B. M.' 3 inch spruce planking."

The memorandum specified the following consideration:

"Washington, Libby & Son to be paid for furnishing this material and doing this work by the administrator of the estate of Charles Deake the sum of thirty-two hundred dollars ($3200).

This the plaintiffs introduced, claiming that it embodied the terms of the contract, and that the $3200 paid only for the items specifically described therein. The defendants at the trial, while claiming that the plaintiffs were bound to furnish for the sum of $3200 all necessary material, nevertheless relied upon the words of the memorandum as conveying that meaning. This appears from the testimony of Mr. Deake, as follows, on direct examination:

"Q. Did he tell you that he would put in all the planking and stringers necessary for the $3200?—

"A. I won't say that he said planking and stringers—specified those. He said all the work that was called for, all the work called for in that memorandum for $3200.

"Q. Was anything said about stringers and planking except as enumerated in those two items?

"A. Nothing whatever."

His cross-examination still further tended to show that he placed his reliance on the terms of the memorandum.

Under these circumstances the presiding judge, calling the particular attention of both parties to his statement of their position, instructed the jury as follows:

"Both of the parties agree, as I understand it, that the contract that was made between them on that day was embodied in that memorandum."

Construing the writing he further said:—

"Now under that memorandum, if that contains the contract, and both parties say that it does,—how much spruce lumber for stringers were these plaintiffs bound to furnish? They were bound to furnish 3609 feet and no more. That is what the contract says, 3609 feet.—"

He further instructed the jury that if the plaintiffs put in any more lumber than the amount named in the memorandum and it was furnished and put into the wharf with the knowledge and consent of Mr. Deake, then Mr. Deake and his co-administrator are responsible for it and must pay a reasonable sum for it.

The defendants have excepted to the entire charge of the presiding judge and have specified certain portions, substantially those above stated, to which they except particularly. Only so far as they have made their exceptions specific can they be considered. *McKown* v. *Powers,* 86 Maine, 291.

There seems to be no ground for criticism of the judge's charge with reference to these propositions. His assumption as to the memorandum is borne out clearly by the record of the evidence, and, even if not warranted by the testimony of Mr. Deake on the stand, it was tacitly acquiesced in by the defendants when stated and cannot now be objected to. *Bradstreet* v. *Bradstreet,* 64 Maine, 204; *McKown* v. *Powers,* supra.

It being once determined that the memorandum contained the terms of the contract, it was the duty of the presiding judge to explain to the jury its legal effect, and this he has correctly stated in the second proposition above quoted, viz: that the plaintiffs were bound to furnish only the amount of lumber specifically mentioned in the memorandum.

It was also correct to instruct the jury that the defendants were liable to pay a reasonable compensation for any additional lumber furnished with their consent.

The questions of fact properly left for the determination of the jury were substantially only two, whether the plaintiffs furnished the extra lumber with the knowledge and consent of the defendants, and what was a reasonable price for the same; and there was evidence

bearing on these points sufficient to warrant the verdict; therefore the motion for a new trial cannot prevail.

*Exceptions overruled.    Motion overruled.*